THORNAL, Justice.
Appellant Motorola, plaintiff below, seeks reversal of a declaratory decree holding it liable for the collection of a Florida use tax.
We must decide whether Motorola is responsible for the collection of the use tax on certain advertising materials sold to its Florida distributors.
Motorola Inc., is an Illinois corporation with its headquarters in Chicago. Its business is the manufacture and sale of radios, phonographs and television sets. There are several independent Florida distributors to whom Motorola sells its products. The sale of the commodities to the Florida distributors is completed in Chicago. Title passes from Motorola when the products are shipped in interstate commerce from some point outside of Florida. The distributors in turn sell to retailers in Florida who ultimately dispose of the commodities to the general public. The manufacturer, Motorola, also sells to its Florida distributors various advertising items such as folders, banners, charts and display racks. These advertising items are usually ordered by mail and are shipped to the Florida distributors from the Chicago warehouse. The distributors use a minute part of the advertising material in their own wholesale businesses. It is estimated that perhaps one percent is so used. The balance of the advertising material is delivered by the distributors to their various retail outlets. The distributor makes no separate charge for this material in his dealings with his retailer. The advertising material is, of course, used by the retailer in pushing sales of Motorola products. Each of the Florida distributors has filed with Motorola a resale certificate executed pursuant to Rules 38 and 39 promulgated by the respondent Comptroller for the enforcement of the Florida Sales and Use Tax Law. With the exception of two dealers, Motorola had on file the so-called resale certificates during the entire period involved here. It subsequently obtained resale certificates from the other two dealers. Furthermore, it is clear that the method of operation followed by these two during 1955-1956, the period involved here, was the same as that employed by the distributors who had previously obtained resale certificates.
Motorola was represented in the Southeast by a regional manager. During about one year of the time involved this representative resided in Florida. During the entire period he traveled in Florida and elsewhere contacting Motorola distributors, and on occasions Motorola retail dealers. He accepted isolated orders for Motorola *67 products but tliis was not part of his regular duties. His job was primarily promotional. He was liaison between Motorola wholesale outlets in Florida and the Chicago home office.
Respondent Comptroller assessed a use tax against Motorola covering advertising materials sold to its Florida distributors during 1955-1956. When the Comptroller levied on an automobile owned by appellant this suit was filed to enjoin the collection of the tax. The chancellor held that Motorola should have collected the use tax from its Florida distributors and refused to enjoin the sale of the automobile. Reversal of this decree is now sought.
Motorola contends that the imposition of the subject tax constitutes an unreasonable burden on interstate commerce. It further asserts that all the property was sold to its Florida distributors for resale and, therefore, not subject to the tax.
The Comptroller contends that there was sufficient jurisdictional contact in Florida to support the imposition of the responsibility on Motorola to collect the tax. His position is that in the ultimate, the advertising material was used to advance the sale of Motorola’s products and, therefore, Motorola and its Florida distributors became consumers of the materials in this State.
We have no problem in holding that there was a sufficient jurisdictional contact with Florida to enable this State to impose on Motorola the burden of collecting the tax for the State if the tax is due. The nexus between the out-of-state manufacturer and the State of Florida was the regional manager who traveled this State to advance the business of appellant. We think under the circumstances summarized above, there can be no doubt that there was adequate jurisdictional contact between appellant and the State of Florida to support the State’s insistence that Motorola collect the tax if other elements of liability are shown to be present. Scripto, Inc. v. Carson et al., Fla. 1958, 105 So.2d 775 affirmed 362 U.S. 207, 80 S.Ct. 619, 4 L.Ed.2d 660; General Trading Company v. State Tax Comm. of Iowa, 322 U.S. 335, 64 S.Ct. 1028, 88 L.Ed. 1309. The chancellor, of course, had the view that there was adequate jurisdictional contact. In this he was correct.
However, the chancellor then proceeded to reason that the advertising material was shipped into Florida by Motorola for its own benefit. He noted that the material was employed by the Florida distributors to advance the sale of Motorola products which in turn became a part of the mass of property in this State. 'He concluded that this chain of circumstances placed Motorola and its distributors severally in the classification of a consumer of the advertising materials in Florida. Therefore, he held each subject to the use tax. This led him also to conclude that interstate commerce had not been unduly burdened.
We fear that the chancellor has overlooked the Comptroller’s own regulation promulgated for the enforcement of the use tax law. It should be recalled that the distributors purchased all of the commodities of Motorola, including the advertising materials, under the so-called resale certificates obtained pursuant to Comptroller’s Rule 38 and Rule 39. We refer to the rules as promulgated July 1, 1955, inasmuch as they were the ones in effect during the period here involved.
Section 212.02(3) (a), Florida Statutes, F.S.A., provides:
“ ‘Retail sale’ or a ‘sale at retail’ means a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property, and shall mean and include all such transactions that may be made in lieu of ‘retail sales’ or ‘sales at retail.’ A resale must be in strict compliance with rules and regulations and any dealer making a sale for resale which is not in strict compliance with rules and regulations shall himself be liable for and pay the tax.” (Emphasis supplied.)
*68 Section 212.06(1), Florida Statutes, F. S.A., provides that three percent "of the retail sales price”, “shall be collectible from all dealers” on the sale at retail for the use or consumption of tangible personal property in this State. Inasmuch as the tax is measured in terms of “the retail sales price”, it would not be collectible if the purchase is for resale. Rule 38 promulgated by the Comptroller provides that a “sale is taxable unless the dealer takes from the purchaser a certificate to the effect that the property was purchased for resale.” The same rule further provides that a resale certificate is required of every purchaser who purchases personal property for resale. If such purchaser does not obtain a resale certificate the dealer is required to collect the tax. Rule 38(3) requires a dealer to refuse to accept a resale certificate and to collect the tax “unless the purchaser shall have obtained a dealer’s certificate of registration from the Comptroller” which indicates the number of his dealer’s certificate of registration on the resale certificate. (Emphasis added.)
The instant record reveals that there has been complete compliance with the Comptroller’s Rule 38. It appears to us that both the letter and spirit of this rule simply is that if a dealer is delivered a resale certificate properly identified by the Comptroller’s registration number, and he receives it in good faith, he can proceed to deal with the purchaser. He can assume that he has thereby been excused from what otherwise might be a responsibility to collect the tax. The Comptroller here insists that Motorola knew that its distributors were passing the advertising material on to the retailers in order to advance the sale of Motorola’s products. On this premise he urges that Motorola benefited from the distribution of the advertising material and, therefore, became a consumer of the personal property within the limits of this State. We think this position disregards the clear and explicit intent of both the use tax law and the Comptroller’s regulations. The latter specifically authorizes the dealer to accept a resale certificate. We have the view that in so doing he can safely rely on the Comptroller’s designation of the purchaser who executes such a certificate as the one authorized to collect the tax for the State. This relieves the manufacturer who sells the commodity under the assurances of the resale certificate.
Respondent relies on Scripto, Inc. v. Carson, supra. While that opinion supports his position regarding the matter of jurisdictional contact, it does not support his position regarding the collectibility of the use tax here. By analogy the advertising material here occupies substantially the same status as the metal display cases in Scrip-to. In both instances we have held that the Florida wholesaler purchased the items for resale. Actually, Motorola’s position is stronger than Scripto’s for the reason that here the Florida wholesaler furnished the non-resident manufacturer with a resale certificate approved by - the Comptroller’s office. We are not called upon to pass on the responsibility of these Florida distributors.
Neither party refers to Comptroller’s Rule 29(3) as it existed July 1, 1955, nor to our opinion in United States Gypsum Co. v. Green, Fla.1959, 110 So.2d 409. We mention these two references sua sponte merely to preclude any assumption by some reader that they have been overlooked. Rule 29(3) as it formerly read contained the provision: “Sales of advertising material such as brochures, pamphlets and price lists are taxable to the purchaser.” In United States Gypsum Company v. Green, supra, we took note of this rule and held the use tax collectible on advertising brochures shipped into Florida by the non-resident corporation. We mention the decision only to point up the distinction that in United States Gypsum, there was no resale certificate. Furthermore, the non-resident manufacturer shipped the advertising items into this State for its own immediate use and distribution. We deem it further appropriate to note that the aforesaid *69 Comptroller’s Rule 29 has been amended. See Rules and Regulations, Florida Sales and Use Tax Law, December 1, 1959.
We find that the non-resident manufacturer, Motorola, was not responsible for the collection of the subject tax. We are necessarily led to the conclusion that the effort of the Comptroller to impose this responsibility on the appellant constitutes an undue and, therefore, unenforceable burden upon interstate commerce, contrary to Article I, Section 8, and the Fourteenth Amendment to the Constitution of the United States, as well as Section 12 of the Declaration of Rights of the Florida Constitution, F.S.A.
The decree of the chancellor is reversed and the cause is remanded for the entry of a decree consistent with this opinion.
It is so ordered.
THOMAS, C. J., TERRELL, ROBERTS, DREW and O’CONNELL, JJ., and STURGIS, District Court Judge, concur.